# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 4:18-cv-01649-RWS |
| v. | )<br>) |
| LINDSTROM & MCKENNEY, INC., et al., | )<br>)<br>) |
| Defendants. | ) |

## AMENDED MEMORANDUM AND ORDER

This matter is before the Court upon the application of Plaintiff PNC Bank, National Association ("Plaintiff") for entry of final default judgment against Defendant Lindstrom & McKenney, Inc. ("Lindstrom") and Defendant Debra Williams ("Williams") who, despite having been properly served, have failed to answer or otherwise appear and are in default. The Court, having considered the Clerk's entry of default against Lindstrom and Williams, the pleadings, exhibits, evidence adduced, will grant Plaintiff's Motion for Default Judgment.

In its Complaint, Plaintiff alleges that Lindstrom executed that certain promissory note dated September 11, 2011 in favor of Plaintiff in the original principal amount of $150,000.00, which was renewed and amended by a letter dated August 13, 2012, further renewed and amended by a letter dated July 11, 2013,

further renewed and amended by a letter dated July 28, 2014, and further renewed and amended by a letter dated August 5, 2015 (the "Note"). Plaintiff further alleges that Lindstrom breached the terms of the Note by failing to make the required payments due thereunder and, despite notice and demand by Plaintiff, the principal sum of $150,000.00, plus accrued and unpaid interest of $30,971.20, plus accrued and unpaid late fees of $301.34, plus Plaintiff's attorneys fees and costs remained due and owing under the Note as of September 27, 2018.

Plaintiff further alleges that the Note was secured by a commercial guaranty executed by Williams in favor of Plaintiff (the "Guaranty"), whereby Williams guaranteed the full and punctual payment and satisfaction of the indebtedness of Lindstrom to Plaintiff, and the performance and discharge of all Lindstrom's obligations to Plaintiff under the Note. Plaintiff further alleges that, despite Plaintiff's demand upon Williams for payment under the Guaranty, Williams has breached the Guaranty by failing to pay Plaintiff in satisfaction of the terms of the Guaranty. In addition, Plaintiff alleges that Plaintiff has suffered damages resulting from Williams' breach of the Guaranty in the principal sum of $150,000.00, plus accrued and unpaid interest of $30,971.20, plus accrued and unpaid late fees of $301.34, plus Plaintiff's attorneys fees and costs remained due and owing under the Note as of September 27, 2018.

Plaintiff sought judgment against Lindstrom in the amounts owing on the Note and against Williams in the amounts owing under the Guaranty, plus Plaintiff's attorney's fees and costs as provided for in the Note and the Guaranty. Plaintiff attached to the Complaint copies of the Note, the Guaranty and its demand letter to Lindstrom and Williams.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted). Here, the allegations set forth in the Complaint, taken as true, along with the material embraced by the Complaint and attached to it, establish that Lindstrom breached the Note and Williams breached the Guaranty.

After the entry of default, damages may be proven by a sworn affidavit and supporting documentation. *St. Louis–Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16CV00929 AGF, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016). Here, Plaintiff has supported by affidavit and documentation its entitlement to damages in the amount of $191,641.16 and reasonable attorney's fees and costs in the amount of $8,135.54.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Lindstrom & McKenney, Inc. and Defendant Debra Williams [16] is GRANTED; and

**IT IS FURTHER ORDERED** that judgment is hereby entered in favor of Plaintiff PNC Bank, National Association and against Defendant Lindstrom & McKenney, Inc. upon Count I of the Complaint in the amount of $191,641.16, plus Plaintiff PNC Bank, National Association's attorneys' fees and costs in the amount of $8,135.54, for a total judgment amount of $199,776.70; and

**IT IS FURTHER ORDERED** that judgment is hereby entered in favor of Plaintiff PNC Bank, National Association and against Defendant Debra Williams upon Count II of the Complaint in the amount of $191,641.16, plus Plaintiff PNC Bank, National Association's attorneys' fees and costs in the amount of $8,135.54, for a total judgment amount of $199,776.70; and

**IT IS FURTHER ORDERED** that Defendant Lindstrom & McKenney, Inc. and Defendant Debra Williams are jointly and severally liable for the sum of $199,776.70 due under Count I and Count II; and

**IT IS FURTHER ORDERED** that post-judgment interest shall accrue on this judgment at the rate of eight and one-quarter percent (8.25%) per annum and continue thereon until the date of satisfaction.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2019.